IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Anthony Robert Mrdjenovich**     *Plaintiff*,    -vs-  **Cook County, Sergeant Gallaraho, Officer Van, Officer Payne, Officer White, John Does 1-3**     *Defendants*. | **Case No. 16-cv-02958**  **Assigned Judge: Virginia M. Kendall**  **JURY DEMAND** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Anthony Robert Mrdjenovich, by and through his attorneys, Sheldon L. Solow and Jason J. Ben, files this action against Cook County, Sergeant Gallaraho, Officer Van, Officer Payne, Officer White and unidentified officers of the Cook County Department of Corrections, and complains as follows:

### JURISDICTION AND VENUE

1. This is a civil action arising under 42 U.S.C. § 1983. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

2. The claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper in the District pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Anthony Robert Mrdjenovich is currently housed in Division IX of the Cook County Jail.

4. Defendant Cook County is nominally named as a necessary party defendant in this action and is a county situated in the Northern District of Illinois.

63582255

5. Defendant Sergeant Gallaraho was at all times relevant acting under color of office as a correctional officer employed by the DOC and is sued in his individual capacity.

6. Defendant Officer Van was at all times relevant acting under color of office as a correctional officer employed by the DOC and is sued in his individual capacity.

7. Defendant Officer Payne was at all times relevant acting under color of office as a correctional officer employed by the DOC and is sued in her individual capacity.

8. Defendant Officer White was at all times relevant acting under color of office as a correctional officer employed by the DOC and is sued in his individual capacity.

9. Does 1 through 3 are unknown officers, and/or employees at the Cook County Department of Corrections who personally caused or participated in the actions or inactions leading to the damages as alleged in this Complaint. At all times material to this complaint, these persons were acting under the color of state law, ordinance and/or regulation. Plaintiff will undertake discovery seeking the disclosure of the names of these individuals, and will seek leave of this Court to add them as defendants individually.

## FACTUAL ALLEGATIONS

10. At all times relevant to this Complaint, Plaintiff was housed in Division IX of the Cook County Jail.

11. While being housed at the Cook County Jail, on December 17, 2015, Plaintiff suffered a severe cut on his forearm while reaching through the feed trap of his cell door in Division 9, Tier 10, Cell #1385.

12. Plaintiff's injury occurred at approximately 10 p.m. on December 17, 2015.

13. Plaintiff's injury was approximately four inches in length, two inches deep and required immediate and urgent medical attention.

14. Plaintiff and his then-cellmate Antoine Tellefore both immediately notified Officer White of the injury and of Plaintiff's need for immediate medical attention.

15. Officer White never came to the cell to view Plaintiff's injury. Instead, Officer White left the deck floor and went back to his post and ended his shift at 11:00 p.m. Upon information and belief, Officer White failed to notify any other DOC officers of Plaintiff's injuries and of Plaintiff's need of immediate medical attention.

16. At the beginning of the 3rd shift, Plaintiff immediately notified Officer Van of his need for immediate medical attention.

17. After viewing Plaintiff's injury, Officer Van informed Plaintiff that he would bring Plaintiff to the infirmary located at Cermak.

18. Officer Van returned to Plaintiff's cell nearly two hours after initially viewing the injury, at approximately 2:00 a.m. the next morning on December 18, 2015.

19. Officer Van never brought Plaintiff to the infirmary.

20. When Officer Van returned, he was accompanied by Sergeant Gallaraho of Division 9.

21. Sergeant Gallaraho questioned Plaintiff about the events which caused the injury, and twice viewed Plaintiff's injury using a flashlight to get a clear view of the extent of the injury.

22. After viewing Plaintiff's injury, Seargeant Gallaraho walked away without informing Plaintiff whether he would receive medical attention.

23. After another three hours, around 5:00 a.m. on December 18, 2015, Officer Van returned to Plaintiff's cell and informed him that he would be sent to the medical dispensary first thing that morning to receive treatment.

24. At 9:00 a.m., December 18, 2015, without having received any medical attention, Plaintiff notified the new officer on duty, Officer Payne, of the extent of his injury and requested medical treatment.

25. Officer Payne informed Plaintiff that he was never put on the medical list but that he would see medical as soon as possible.

26. Upon information and belief, Officer Payne called the nurse's station at 2:20 p.m., December 18, 2015, and was informed that Plaintiff could not be seen because it was too close to a shift change.

27. Later on December 18, 2015, Plaintiff notified several officers whose names are unknown to Plaintiff about his untreated injury, explained that he had lost complete feeling in his left arm, and requested medical attention.

28. Upon information and belief, the unknown officers failed to inform anyone about Plaintiff's injury.

29. Plaintiff finally received medical attention on December 19, 2015, nearly a full two days after the injury occurred.

30. Plaintiff submitted four medical slips complaining of ongoing pain and limited use of his left arm, Plaintiff has only seen a doctor once since the initial December 19, 2015 appointment.

31. As a result of the failure to receive proper care, Plaintiff's arm now goes numb. Plaintiff's arm continues to deteriorate and his ability to use his left arm is impaired. Specifically, Plaintiff's numbness extends from his forearm to his fingers. Plaintiff also experiences sharp pain in his elbow and forearm, which extends to his spine. Plaintiff cannot clench his fist without experiencing pain.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. Plaintiff has exhausted all available administrative remedies.

33. Plaintiff complied with Cook County Jail policy and timely filed grievances and appeals for the allegations contained herein.

34. Plaintiff filed numerous medical slips for follow-up medical attention and has received no response.

35. Defendants were properly notified of the injuries that are the subject of this Complaint, and have taken no corrective action with respect to any of the Plaintiff's grievances.

## COUNT I

*Deliberate Indifference Claim*

36. Plaintiff repeats and re-alleges the preceding paragraphs 1-35 as if fully set forth in this Count.

37. At all times, Plaintiff was an inmate at the Cook County Jail, a division of Cook County Department of Corrections. While incarcerated, Plaintiff suffered an injury requiring immediate medical attention.

38. Defendants were repeatedly notified of Plaintiff's injury and the extent thereof. Defendants failed to timely provide or secure medical attention for Plaintiff's injury. As a result, Plaintiff had to lie bleeding on the jail floor and endure extreme suffering.

39. Defendants acted with deliberate indifference towards Plaintiff's serious medical needs by, among other things, ignoring his request for medical treatment for approximately two (2) days and for not responding to the several medical slips that Plaintiff

has submitted for follow-up medical treatment, and thereby violated Plaintiff's rights under the Eighth and Fourteenth Amendments.

40. As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, plaintiff now suffers permanent loss of full use of his left arm, pain in his left arm, left elbow and spine.

41. Wherefore, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants for compensatory and punitive damages in excess of $500,000.00 and for attorney fees and costs to the full extent allowed under applicable civil rights statutes and the Federal Rules of Civil Procedure; and enter any other relief in favor of Plaintiff and against the Defendants that this Court deems just and proper.

## **COUNT II**

*Injunctive Relief*

42. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth in this Count.

43. The policies and practices of the Cook County Jail system foster an environment that encourages the employees of the Cook County Department of Corrections to ignore and disregard the medical needs of the inmates.

44. Defendant Cook County is aware of such policies and practices and intentionally chooses to turn a blind eye.

45. Therefore, Plaintiff seeks a mandatory injunction: (1) requiring Defendant Cook County to facilitate training and adopt such policies that would prevent Cook County employees from disregarding the serious medical needs of inmates housed at the Cook County Jail; and (2) requiring the remaining Defendants to undergo such training that would

6

educate the Defendants on how to appropriately attend to the serious medical needs of inmates housed at the Cook County Jail.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

/s/Sheldon L. Solow
Sheldon L. Solow (No. 2673061)
Jason J. Ben (No. 6281014)
KAYE SCHOLER, LLP
70 West Madison, Ste. 4200
Chicago, IL 60602
(312) 583-2300
*Attorneys for Anthony Robert Mrdjenovich*